Casey, Ch. J.,
delivered the opinion of the court:
This is a claim preferred by the administrator of Victor F. Wilson, deceased, to recover from the United States the proceeds of over six hundred bales of upland cotton; and from the evidence and proofs in the case, we find the following facts:
1. Victor F. Wilson was a man' of northern birth, who removed to Vicksburg in the year 1849. He continued to reside there during the entire period of the war of the rebellion, and up to the time of his death. He was largely engaged in the ice and coal trade for that region, and had amassed a considerable fortune.
2. In the fall of 1862 he had brought to Vicksburg nearly six hundred bales of cotton and stored in a warehouse belonging to himself. The bales of this cotton were marked, some “Ion plantation — I. James,” others “T. Coon,” and others “Elliott,” and all these bales were also marked “0. S. A.” These latter were the letters or initials used to designate the cotton belonging to the so-called Confederate States of America. The claimant’s intestate alleged at the time that it had been so marked by him to procure transportation, and to protect it in transit. This same cotton remained in the possession of Wilson, he claiming it as his own, and in his own storehouse, no one making any adverse claim to it; and this claim by him, and the unchallenged possession proved, was the only evidence of ownership, there being no evidence in the record of its actual purchase from, or the payment of any consideration to the original owners.
3. When the Union army under General Grant was besieging Vicksburg, the insurgent military authorities commanding at that place caused this cotton to be forcibly seized and taken from Wilson’s warehouse, and without his consent placed the same in the forts and various defences of the town, to protect it against the assaults of the Union army, and where it was upon the capture of the town by the Union forces.
4. After the capture of Vicksburg, all the cotton found in the rebel fortifications was gathered up by the military authori *567 ties of tbe United States and pnt into proper condition, and shipped to William P. Mellen, a duly authorized agent of the Treasury Department, at St. Louis, Missouri. And we find that the cotton so gathered and shipped included five hundred and sixty bales which had belonged to Victor F. Wilson, the claimant’s ■ intestate, and this cotton was afterwards sold by Mr. Mellen, and the net proceeds of the same, after deducting all expenses, amount to the sum of $125,300. These proceeds are now in the Treasury of the United States, and to recover them this claim is preferred.
5. We find that Victor F. Wilson, the claimant’s intestate, never gave any voluntary aid or comfort to the rebellion, or to the persons engaged therein, but did consistently adhere to the United States.
6. We further find that John A. Klein, who prosecutes this suit as administrator of Victor F. Wilson, deceased, at various times during the existence of the rebellion committed acts voluntarily tending to give aid and comfort to the rebellion and to the persons engaged therein, and did not at all times consistently adhere to the United States.
7. There is no proof in the record showing whether the dis-tributees of the estate of Victor F. Wilson, deceased, are or were loyal or disloyal; except that most of them were minors, and some of them infants of tender years.
8. The persons from whom the cotton was derived were voluntary residents in the insurrectionary'territory.
The special counsel for the United States contends that upon the facts and findings in this case, the claimant cannot recover:
1. Because the cotton, the proceeds of which are claimed, had been seized or captured by the so-called Confederate authorities, aud actually reduced by them into possession, and converted to their own use; that the title of Wilson was thereby divested, and that it was not revested in him by the recapture; but that its capture under the circumstances vested it absolutely in the United States, as captors of the property of the so-called Confederate States of America.
2. That the property, the proceeds of which are in question in this case, having been actually used by the insurgents for waging and carrying on war against the United • States, comes within the exception contained in the proviso to the first section of the "Abandoned or captured property act” of March 12,1863; *568 and that, therefore, no suit can be maintained for them, in this court.
3. That the cotton, the proceeds of which are claimed in this case, having been purchased by Wilson from disloyal owners after the 23d September, 1862, he could derive no title to it; that by virtue of the act 17th July, 1862, and the President’s proclamation thereon of the 25th July, 1862, it was absolutely forfeited to the United States, and’that the attempted sale and transfer to Wilson was absolutely null and void, and there can consequently be no recovery in this case.
4. That Wilson having voluntarily brought his cotton within a fortified town held by the insurgents, their seizure and use of it to strengthen the defences of the place against the assaults of the United States forces, is to be deemed and taken as an assent or dedication of it to such use by Wilson, and it was thereby upon the capture of the place absolutely vested in and forfeited to the United States.
5. That there being no proof of the loyalty of the distributees of the estate of Yictor F. Wilson, deceased, for whose use this suit is prosecuted, the claimant cannot recover.
6. That John A. Klein, the administrator of Victor F. Wilson, deceased, having been guilty of acts of aid and comfort to the rebellion, no judgment can be rendered in his favor for the proceeds of the cotton in question.
7. That upon all the facts of the case, the United States are entitled to judgment.
We overrule the objections to the claimant’s recovery, and upon the facts stated, we hold, as matter of law, that the claimant is entitled to recover the net proceeds of five hundred and sixty bales of upland cotton, at the sum of two hundred and twenty-three dollars and seventy-five cents per bale, and amounting to the sum of one hundred and twenty-five thousand three hundred dollars, ($125,300,) and for this sum judgment is entered in favor of the claimant, as administrator.